NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JOSEPH CARRICO, | ) | |
| | ) | Supreme Court No. S-16246 |
| Appellant, | ) | |
| | ) | Superior Court No. 3KN-14-00517 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| HOLLY BROWN and | ) | AND JUDGMENT[*] |
| ROBIN CARRICO, | ) | |
| | ) | |
| Appellees. | ) | No. 1619 – March 8, 2017 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Kenai, Carl Bauman, Judge.

Appearances: Joseph Carrico, pro se, Kenai, Appellant. Robin Carrico, pro se, Soldotna, Appellee. No appearance by Appellee Holly Brown.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I. INTRODUCTION

This appeal is from the superior court's order awarding shared custody of a child to the child's father and paternal grandmother following an evidentiary hearing on the father's motion to modify custody. The existing order gave him only visitation rights, while the mother had primary legal and physical custody; his motion requested joint legal and primary physical custody. The father argues the superior court erred in

---

[*] Entered under Alaska Appellate Rule 214.

granting shared custody to the grandmother without first finding that granting sole custody to the father would be clearly detrimental to the child. Because the court failed to make necessary findings, we vacate the order and remand for further proceedings.

## II. FACTS AND PROCEEDINGS

Joseph Carrico and Holly Brown divorced in Texas in 2012. At the time of their separation, they had two living children — a son and a daughter. In late 2010 Joseph brought the children to Alaska to visit his parents. Joseph did not return to Texas after this visit. Instead he remained in Alaska, living sometimes with his parents, sometimes in other homes on their property.

While Joseph and the children were in Alaska, Holly pursued divorce proceedings in Texas. Prior to the finalization of the divorce in February 2012, Holly obtained orders compelling Joseph to return the children, and she traveled to Alaska to retrieve them. Before she returned to Texas, however, the family decided that the son would remain in Alaska under the care of his father and paternal grandmother, Robin Carrico. Holly subsequently provided Robin with a power of attorney to enable her to provide for the son's medical and other needs.[1]

Because Joseph remained in Alaska and was not permitted to participate in the divorce hearing by telephone, the Texas court considered him to be in default. Accordingly, the divorce decree made Holly the children's "sole managing conservator"

---

[1]    It is not clear from the record whether this document was actually a power of attorney or a letter of guardianship; however, the superior court refers to it as a power of attorney, so we address it as such.

and Joseph their "possessory conservator."[2] The order required that Joseph's visitation with the children be supervised.

After Joseph's relationship with Robin deteriorated, she began more strictly controlling his access to his son. Joseph then filed a motion to modify custody, visitation, and child support in July 2014.

In early 2016, after confirming that Alaska, rather than Texas, could exercise jurisdiction over this matter, the superior court held an evidentiary hearing on Joseph's motion. The court determined that, by virtue of the power of attorney, Holly had "assigned her custodial rights to" Robin, and that Robin therefore "[stood] in the legal shoes of the mother, who was awarded full custody of [the child] by the Texas court." The superior court then determined that it was in the son's best interests to award joint legal custody and shared physical custody to Joseph and Robin, and visitation rights to Holly. The physical custody schedule placed the child with Joseph four days a week, and with Robin three days a week.

## III. STANDARD OF REVIEW

"Whether the court applied the correct standard in a custody determination is a question of law we review de novo, determining the rule of law in light of precedent, reason, and policy."[3]

---

[2] Alaska does not employ the Texas designations of "sole managing conservator" and "possessory conservator." Holly was granted primary legal and physical custody, and visitation was under her supervision and at her discretion. Joseph retained the right to make some routine parenting decisions.

[3] *Elton H. v. Naomi R.*, 119 P.3d 969, 973 (Alaska 2005) (quoting *Moeller–Prokosch v. Prokosch*, 27 P.3d 314, 316 (Alaska 2001)).

## IV.  DISCUSSION

Joseph appeals from the court's order.  He argues that the court erred in awarding custody to a non-parent without making any of the findings required by this court's ruling in *Evans v. McTaggart*.[4]  We held in *Evans* that in order to overcome the parental preference, a non-parent must establish that the parent is not fit, or "the welfare of the child requires the child to be in the custody of the non-parent."[5]  The court in this case found that Joseph was a fit parent.[6]  Because Alaska law recognizes a custodial preference for parents over non-parents,[7] we hold that it was error for the superior court not to make the findings that *Evans* requires to overcome that preference.[8]

---

[4]    88 P.3d 1078 (Alaska 2004).  Joseph cites to *Britt v. Britt*, 567 P.2d 308 (Alaska 1977) rather than *Evans*, but the latter is the more relevant and current authority.

[5]    *Id.* at 1085.  We have also recognized an exception to the parental preference where the parent has abandoned the child.  *Abby D. v. Sue Y.*, 378 P.3d 388, 392 (Alaska 2016) (citing *Turner v. Pannick*, 540 P.2d 1051, 1054-55 (Alaska 1975)).

[6]    The court found that "when clean and sober, [Joseph] can meet the needs of [his son]."  And the court found no evidence indicating a current alcohol abuse problem that adversely affected his son's well-being in either Joseph's or Robin's household.

[7]    *Elton H.*,119 P.3d at 974.

[8]    We also note the court's erroneous reliance on the power of attorney granted to Robin by Holly in finding that Robin "[stood] in the legal shoes of the mother."  We have held that a power of attorney is not a grant of legal custody, but simply a delegation of authority to act in a parent's stead "in matters concerning [a child's] care, custody, and upbringing." *Erica A. v State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 66 P.3d 1, 9 (Alaska 2003); *see also M.J.S. v. State, Dep't of Health & Soc. Servs.*, 39 P.3d 1123, 1125 (Alaska 2002).

## V. CONCLUSION

We VACATE the superior court's order awarding shared custody between Joseph and Robin and remand for further proceedings on the motion to modify the existing Texas order — under which Holly appears to have primary custody, and Joseph appears to have visitation rights — consistent with this memorandum opinion and judgment. We do not retain jurisdiction.